Dear Senator Johnson:
I am in receipt of your request for an Attorney General's opinion concerning the validity of the election of officers for the Faculty Senate at Southern University in New Orleans. Specifically, you seek an opinion as to the constitutional adequacy of the officers elected on September 16, 1997. I have been given a copy of the Constitution of the Faculty Government of Southern University in New Orleans. Article IV Section 2 of the Constitution pertains to the officers and election of officers of the Faculty Senate. It provides as follows:
 Section 2. Officers and Election of Officers.
 Officers. The Faculty Senate shall have following officers: President, Vice-President, Secretary and Treasurer.
 The Executive Committee: Membership. The elected officers, with the former President of the Faculty Senate, and two members elected from the body at large, shall comprise the Executive Committee. The at-large representatives shall generally be selected from those senators in divisions not represented by the elected officers.
 Election of Officers. Election of officers for the ensuing year shall be the first item of business at the initial meeting of the Faculty Senate in each academic year. A nominating committee of three shall be chaired if possible by the most recent willing and able former President of the Senate. The remaining members shall be elected by the General Assembly at its final meeting in the academic year. A slate of candidates for the nominating committee shall consist of names of faculty who are interested in serving and who have submitted their names to the President in the two-week period prior to the General Assembly meeting. No additional nominations will be taken from the floor. Anyone serving on the nominating committee shall not be eligible to serve as an officer in the following year. The election shall be by secret ballot.
Section 3 pertains to meetings of the Faculty Senate. It provides the following concerning the conduct of meetings. It states:
 Conduct of Meetings. All meetings shall be conducted in accordance with parliamentary procedure. Roberts Rules of Order shall be the final authority except where it may contradict any provision of this Constitution. The Senate shall adopt by two-thirds vote such by-laws as may be necessary and proper to govern Senate procedure and expedite the business of the Faculty Senate.
The Constitution does not specify what type of vote is required for the election of these officers. Therefore, a review of Robert's Rules of Order is required. Article VI § 38 provides the following in pertinent part:
 A majority vote, that is, a majority of the votes cast, ignoring blanks, is sufficient for the adoption of any motion that is in order except those mentioned in § 39, which require a two-thirds vote. A plurality vote never adopts a motion nor elects anyone except by virtue of a special rule previously adopted [ § 39, 1st note].
Section 39 of Robert's Rules of Order provides the following concerning motions requiring more than a majority vote. It states:
 The following motions shall require a two-thirds vote for their adoption, all others requiring a majority, as the right of discussion, and the right to have the rules enforced, should not be abridged by a mere majority.
 To Amend the Rules (requires previous notice also) — § 45 To Suspend the Rules — § 45 To Make a Special Order — § 13 To Take up a Question Out of its Proper Order — § 13 An Objection to the Consideration of a Question — § 15 To Extend the Limits of Debate — § 34 To Close or Limit Debate — § 37 The Previous Question — § 20
Black's Law Dictionary, Fifth Edition, defines a majority and plurality vote as follows:
 Majority vote. Vote by more than half of voters for candidate or other matter on ballot. When there are only two candidates, he who receives the greater number of the votes cast is said to have a majority; when there are more than two competitors for the same office, the person who receives the greatest number of votes has a plurality, but he has not a majority unless he receives a greater number of votes than those cast for all his competitors combined.
 Plurality. The excess of the votes cast for one candidate over those cast for any other. Where there are only two candidates, he who receives the greater number of the votes cast is said to have a majority; when there are more than two competitors for the same office, the person who receives the greatest number of votes has a plurality, but he has not a majority unless he receives a greater number of votes than those cast for all his competitors combined, or, in other words, more than one-half of the total number of votes cast.
I am in receipt of the Minutes of the Faculty Senate Meeting of September 16, 1997. The following officers were elected:
 The Nominating Committee presented the slate of officers, and the results were as follows:
 President: Lenus Jack 7; Bill Stewart 5; Audrey McGee 4 (After the election of the President, Mrs. Wilkerson noted that no one person had a majority vote. The President stated that the person with the most votes wins.) Vice President: Charles Wilson 12; Shirley Wilson-Scott 4 Secretary: Deborah Cains 10; Marina Dumas-Haynes 7 Treasurer: Robert Perry (only candidate; won by acclamation) Parliamentarian will be appointed by the President Executive Committee-at-large-members: Willene P. Taylor 13; Audrey McGee 11; and Marina Dumas Haynes 8
The minutes of the September 16 meeting indicate that the required quorum was met. It appears that all the officers other than the President obtained a majority vote. The newly elected President only obtained a plurality vote which as specified by Robert's Rules of Order is insufficient.
Southern's Constitution states the following in reference to a recall:
 Recall. Senators and elected members of Standing Committees shall be subject to recall. Recall procedures can be initiated by a written petition of one-fourth of the voting members of the General Assembly to the Executive Committee of the Faculty Senate. Recall requires a two-thirds majority in a mail ballot which includes returns from at least two-thirds of the voting members of the General Assembly. In case of a recall, ordinary procedures shall be used to fill the vacancy for the unexpired term as soon as feasible.
The minutes of the Special Meeting of September 23, 1997, indicates that a petition was sent out to the members of the General Assembly. However, because a quorum was not present, the vote was delayed until the next scheduled special meeting. Subsequently, at a meeting on September 30, 1997, a vote was taken by secret ballot on the question to rescind and eleven members voted to rescind, and three members were present but not voting.
I have been informed that the faculty of Southern University New Orleans consists of approximately 189 faculty members. Assuming this is correct, one-fourth of the voting members of the General Assembly which is 48 members would have been required to sign the petition. A review of the petition indicates that only 32 members signed. This appears to be insufficient to initiate a recall of any of the officers elected. Also, a recall requires a two-thirds majority in a mail ballot which includes returns from at least two-thirds of the voting numbers of the General Assembly. A review of the minutes does not appear to show that this was done.
I hope this opinion sufficiently addresses your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL
RPI/BCL/sc
98-55.op